IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICIA CULLEN,

        Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

ORDER

18-cv-548-slc

---

On December 28, 2018, the court granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 14 & 15. On February 19, 2019, the court granted plaintiff's unopposed motion for an award of attorneys' fees under the EAJA in the amount of $5,609.71. *See* dkts. 16-22. After further administrative proceedings, the Commissioner awarded plaintiff benefits, including $29,929.25 in past-due benefits. Plaintiff's lawyer, Dana Duncan, now seeks approval under 42 U.S.C. § 406(b) of fees in the amount of $4,420.04[1], pursuant to his 25% contingency fee agreement with plaintiff. Dkt. 21. When combined with the prior EAJA fee award, the total amount of fees that Duncan is seeking for work performed in this court is $10,029.75; such amount is being withheld from plaintiff's past-due benefits by the Social Security Administration. Duncan's time records reflect that he spent 22 hours working on this case, and his paralegal spent 18.45 hours.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The statute

---

[1]This amount does not include the prior EAJA award of $5,609.71.

provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id*. at 795 (citing 42 U.S.C. § 406(b)(1)(A)).  Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government.  *Id*.  Where, as here, the attorney was previously awarded fees from the government under the EAJA, the EAJA award offsets the allowable fee under § 406(b).  *Id*. at 796.  Thus, where attorney's fees are awarded under both § 406(b) and the EAJA, the attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.  *Id*.

In *Gisbrecht*, the Supreme Court found nothing in the text or history of § 406(b) to suggest that Congress intended to displace contingent-fee agreements "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but only that it wanted courts to serve as "an independent check" to ensure that such agreements "yield reasonable results in particular cases."  *Id*.  In assessing this reasonableness, said the Court, lower courts should not use the lodestar method used for assessing fees against the losing party but rather should determine whether "the fee sought is reasonable for the services rendered," taking into account factors such as the character of the representation, results achieved, any attorney-created delay, and whether the award would be a "windfall" for the attorney.  *Id*. at 806-08.

The fee requested by Attorney Duncan in this case is reasonable.  Duncan is an experienced social security attorney who obtained excellent results for his client, securing a stipulated remand that ultimately led to a monthly benefit award to plaintiff of $853.50 and past-due benefits of around $30,000, not to mention Medicare eligibility.  A total award of $10,029.75 for 22 hours of attorney time translates to a rate of $456, which is well within the range typically awarded in such cases.  *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district

2

courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). Moreover, as in all social security cases, there was a high risk that Duncan would recover nothing. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). Finally, neither Cullen nor the Commissioner opposes the motion. *See* dkt. 27. Accordingly, the court will grant Duncan's motion for attorney fees in the amount of $4,420.04 ($10,029.75 less the $5,609.71 he already received under the EAJA).

ORDER

It is ORDERED that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), dkt. 21, is GRANTED. The court approves a representative fee award of $4,420.04 to be payable to plaintiff's attorney, Dana Duncan. The Social Security Administration is directed to pay the remaining $5,609.71 of the fees withheld to plaintiff Patricia Cullen.

Entered this 6th day of October, 2020.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge